UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CHRISTINE FEENY

CASE NO. 3:24-cr-181-MMH-LLL
18 U.S.C. § 1349

## INFORMATION

The U.S. Attorney charges:

### COUNT ONE

#### A. Introduction

At all times material to this Information:

1. Defendant, CHRISTINE FEENY, was a resident of the Middle District of Florida.

2. Woodforest National Bank was a financial institution doing business in the Middle District of Florida, and elsewhere, and its accounts were federally insured by the Federal Deposit Insurance Corporation.

3. 121 Financial Credit Union was a financial institution doing business in the Middle District of Florida, and elsewhere, and its accounts were federally insured by the National Credit Union Administration.

## B. The Conspiracy

4. Beginning from in or about October 2021, and continuing through and including in or about June 2022, in the Middle District of Florida, and elsewhere, the defendant,

CHRISTINE FEENY,

did knowingly and willfully combine, conspire, confederate, and agree with others, to execute and attempt to execute a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by transmitting and causing to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, visual pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

## C. Manner and Means of the Conspiracy

5. The manner and means by which the conspirators carried out the conspiracy and scheme and artifice to defraud included, among other things,

    a. it was part of the conspiracy that Person #1 established a false online identity;

    b. it was further part of the conspiracy that Person #1 made contact via the internet with FEENY on social media;

c.  it was further part of the conspiracy that Person #1 requested FEENY receive funds from individuals to include packages containing cash and check(s) sent directly to her and then, to deposit the funds into her bank accounts;

d.  it was further part of the conspiracy that FEENY agreed to receive funds from individuals on behalf of Person #1 and to deposit the funds into her bank accounts, knowing the funds were part of an on-line scheme to defraud individuals;

e.  it was further part of the conspiracy that after agreeing to receive funds from individuals, Person #1 sent FEENY information on when she would receive funds from individuals;

f.  it was further part of the conspiracy that Person #1 sent FEENY instructions on how and where to send funds that FEENY received from individuals;

g.  it was further part of the conspiracy that after receiving funds from individuals to include packages containing cash, FEENY deposited the funds into her bank accounts at Woodforest National Bank and 121 Financial Credit Union;

h.  it was further part of the conspiracy that after depositing the funds from individuals into her bank accounts, FEENEY would follow the

instructions provided by Person #1, typically sending the funds to Person #1 via a wire transfer of the funds through Bitcoin ATMs to include ATMs in Clay County, Florida, in order to facilitate Person #1 receiving the proceeds of an on-line scheme to defraud individuals; and

    i. it was a further part of the conspiracy that the conspirators would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purposes of the scheme and the acts committed in furtherance thereof.

    All in violation of 18 U.S.C. § 1349.

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a conspiracy of the violation of 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: *(signature)*
KEVIN C. FREIN
Assistant United States Attorney

By: *(signature)*
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division